48 So.2d 82 (1950)
YARBROUGH
v.
BALL U-DRIVE SYSTEM, Inc.
BENNETT
v.
BALL U-DRIVE SYSTEM, Inc.
REED
v.
BALL U-DRIVE SYSTEM, Inc.
Supreme Court of Florida, Special Division B.
October 17, 1950.
Evan T. Evans and Joseph H. Ross, Jacksonville, for appellants.
McCarthy, Lane & Howell, Jacksonville, for appellees.
THOMAS, Justice.
The appellant, Frances E. Yarbrough, sued for damages resulting from the death of her husband in an automobile wreck, and the appellants, David Bennett and Eugene Reed, for injuries received in the same mishap. The three actions were consolidated *83 for trial and are now presented together on appeal.
When it sought a directed verdict the defendant admitted the facts adduced and the conclusions reasonably inferable therefrom favorable to its adversaries, and we shall, therefore, in giving a condensed statement of the circumstances surrounding the accident, present them in the light most favorable to the appellants.
The appellee was engaged in the business of renting trucks to be operated by those to whom the vehicles were rented. On the occasion forming the background of these actions the deceased, Yarbrough, secured a truck from the appellee for the purpose of delivering a partial load of azalea plants to a customer in Macon, Georgia. He was accompanied by his employees, the other two appellants. On the way to Macon nothing unusual had occurred in the performance of the vehicle or the operation of it by Yarbrough; no abnormally rough pavements were traversed or obstacles crossed. To use the words of one of the employees, it was "just plain driving."
When the truck was unloaded, the three men set out for Jacksonville, and after they had traveled about twenty miles at a moderate, or at any rate, an unexcessive, speed something was heard dragging under the truck, and immediately the rear end flew into the air and the truck turned over two or three times, pinning Yarbrough underneath, killing him and injuring the other two occupants. The forward end of the drive shaft had become detached, had gouged places in the pavement, and when the truck had come to rest, it was determined that the shaft was bent in the shape of a "U."
At the conclusion of the plaintiffs' evidence the trial judge granted the defendant's motion for a directed verdict, thereby indicating that it was apparent to the court no evidence had been submitted upon which a jury could lawfully base a verdict for the plaintiffs. Section 54.17, Florida Statutes 1941, and F.S.A.
We think the court erred in thus taking the case from the consideration of the jury, for there was ample proof to submit the issues under the doctrine of res ipsa loquitur.
One man was killed and two others injured in the manner we have described, and it should have been left to the jury to determine whether their plight was due to the negligence of another and, if so, who should be responsible. We have not found from the appellants' evidence that the driver of the truck, judging his actions as we must in a light most favorable to the appellants, was guilty of any negligence at all; and although there is no direct testimony of negligence on the part of the defendant, the fact remains that one of the men riding in this truck died and the two others were injured because the vehicle was mechanically defective.
It seems to us that where one engages in the business of renting automobiles for a price to persons who will do their own driving he represents that the vehicles are in good mechanical condition. Obviously the truck received by Yarbrough was not. Of the countless drivers of motor vehicles who are familiar with the rules of the road and are qualified to travel the highways at high speed, with safety to themselves and others, relatively few would be able to determine whether any given automobile was in safe mechanical condition, even if they made some sort of examination. Certainly when one rents a motor vehicle of standard make  in this case a Dodge truck  and proceeds along a welltraveled United States highway at a reasonable speed, encountering no unusual depressions in the surface of the road and having no untoward experiences, he has a right to believe that the vehicle will not fall apart in the middle of the road.
As we all know, the doctrine of res ipsa loquitur is merely a rule of evidence. Under it an inference may arise in aid of the proof. Establishment of the facts that the instrument causing the injury was in the sole control of the defendant, that the occurrence would not have happened in the ordinary course of events had there been proper care on the defendant's part, provides evidence that the injury *84 sprang from the defendant's negligence. We are not troubled with the absence here of the element of exclusive control by the defendant of the thing causing the injury, for this case, in our opinion, falls within the exception to the rule like those instances where injuries have resulted from the explosion of bottles containing carbonic acid gas that had passed from the possession of the vendor to the possession of the consumer. From the nature of appellee's "U-drive-it" business representatives of the renter do not accompany the customers to whom cars are rented. Appellee had control of the truck in question up to the very time it was entrusted to Yarbrough, and that satisfied this requirement of the rule.
The judgment is reversed, with directions to proceed with the trial in accordance with the opinion we have expressed.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.