52 So.2d 803 (1951)
WEST COAST HOSPITAL ASS'N
v.
WEBB.
Supreme Court of Florida, Special Division A.
May 22, 1951.
McMullen, McMullen & Pogue, Clearwater, for appellant.
Barton & Saltsman, St. Petersburg, for appellee.
THOMAS, Justice.
The appellee, during a diabetic coma complicated by pneumonia, was admitted to the Morton F. Plant Hospital, operated by appellant, and while she was unconscious suffered there many serious burns that resulted in permanent injury and necessitated the expenditure of much money.
Various pleas were filed to the three counts of the declaration, and upon the trial of the issues thus formed, the jury awarded the appellee a verdict of $12,000.
Nearly all of appellant's brief is devoted to the action of the trial court in dealing with the subject of res ipsa loquitur. It is insisted on its behalf that this doctrine was irrelevant because there was no direct evidence that heat was applied to appellee's body in the hospital, or, if applied, that it was done negligently, or that the negligent use of heat proximately caused the injury.
There is much testimony about the treatment administered to the appellee before she was removed from her home, but there was ample proof to justify a conclusion that her burns were not received before she reached the hospital and that they were got there while she was completely helpless and senseless.
The appellant directs us to our decisions in Foster v. Thornton, 125 Fla. 699, 170 So. 459, and Grubbs v. McShane, 144 Fla. 585, 198 So. 208, to support its position. In the first, construing an earlier opinion in the same litigation, it was said that the rule of res ipsa loquitur was inappropriate in an action against a physician for negligent treatment of a patient, that a physician's unskilfulness in diagnoses or negligence in treatment would not be inferred from the fact that the patient continued to suffer, or even died. In the second, also involving alleged carelessness of a physician in the treatment of disease, phlebitis, we confirmed what was said in Foster v. Thornton about the inapplicability of res ipsa loquitur.
But the instant action was not one against a doctor, bringing into question the proper exercise of his professional skill. The party charged with the responsibility for appellee's misfortune is an institution, doubtless supplied with all manner of contrivances designed to alleviate pain and cure disease when properly used by one fitted in that respect or under the direction of one so qualified.
Let us turn now to the testimony of the physician who held the responsible position *804 of chief of staff of the appellant's hospital to see through his eyes what happened to Margaret Webb. He arranged for her admittance and examined her upon arrival but saw no burns upon her body. He treated her professionally and prepared a chart of his ministrations. He did not direct that heat be applied to the patient; he did not know what caused the burns; and he said that the attending nurse had no idea how the patient became injured. The court asked him: "Could that burn have been caused by any of the treatment you had given or directed?" and he replied, "No, Sir." He did not know either, so he said, whether the burns resulted from heat, electricity, or friction.
In substance, he was sure the injuries could not have resulted from anything he had done or ordered done, and he was at a loss to understand how they had occurred.
This testimony of the appellant's chief of staff removes the matter completely from the class of cases, such as we have cited, where it has been held that res ipsa loquitur is inappropriate in a matter involving a physician's exercise of skill.
The appellee had not complained of improper treatment of her ailment. She said simply that while in the care of the hospital where, we may say, doctor and nurse administered to her in the approved manner, she received injuries completely unidentifiable with the treatment prescribed and received.
Negligence may not be presumed, must be proved, but where direct proof is wanting and such circumstances are shown as to leave no conclusion except that the defendant was at fault, a prima facie case may arise, justifying the application of the rule of res ipsa loquitur. On the contrary, one may not avail himself of the doctrine if he proves specific negligence. The element universally considered indispensable to invoking the rule is the sole and exclusive control in the defendant of the instrumentality causing the injury; yet this is not without exception, as we said in Yarbrough v. Ball U-Drive System, Fla., 48 So.2d 82, 83. We repeat what we said there: "Establishment of the facts that the instrument causing the injury was in the sole control of the defendant, that the occurrence would not have happened in the ordinary course of events had there been proper care on the defendant's part, provides evidence that the injury sprang from the defendant's negligence."
This statement seems to fit the facts now before us, and a re-study of the general law on the subject does not reveal a lack of any of the prerequisites. As we have stated, there is abundant proof that the appellee was injured while in the hospital. She could not testify directly about the experience for the obvious reason that she was unconscious. The persons within the hospital immediately charged with her care, protection, and treatment  the chief of staff and the nurses  were patently nonplussed over her mishap. Certainly, the instrument that caused her injury was in the absolute control of the personnel of the institution, and she did not know and could not have known what apparatus was used in injuring her. All this manifests to us an "occurrence [that] would not have happened in the ordinary course of events had there been proper care" on the part of persons in the hospital who, although not directly assigned to appellee's case, had, nonetheless, access to her room and to the hospital equipment.
We think the circumstances justify an inference that, while unconscious in a domain strictly appellant's appellee was burned by some instrumentality which was negligently used or which should not have been used at all; that the doctrine was properly invoked and, having been, the jury was warranted in fixing the responsibility on appellant. See Danville Community Hospital, Inc., v. Thompson, 186 Va. 746, 43 S.E.2d 882 and note 173 A.L.R. 525, 535.
Affirmed.
SEBRING, C.J., and TERRELL and BARNS, JJ., concur.