57 So.2d 431 (1952)
SCHOTT
v.
PANCOAST PROPERTIES.
Supreme Court of Florida, Division A.
February 26, 1952.
Rehearing Denied March 27, 1952.
*432 Nathanson, Oka & Spaet, Miami Beach, for appellant.
Dixon, DeJarnette & Bradford, Miami, for appellee.
THOMAS, Justice.
The appellant, while standing on a street of the city of Miami Beach, was struck by a window screen that fell from the hotel of the appellee. She brought this action claiming that the injuries she suffered resulted from the negligence of the appellee's agents, servants, and employees. The appellee defended, affirmatively, on the ground that the object was "caused to fall by reason of the acts" of a window cleaning company, an independent contractor engaged at the time in washing the windows of the hotel.
The appellant thinks this was a classic case for the application of the doctrine of res ipsa loquitur, but we cannot agree. This rule of evidence giving rise to inference in aid of proof was not available in this controversy because it was not only not established that the instrument causing the injury was in the exclusive control of the defendant, but there was abundant proof to the contrary. The doctrine may not be invoked unless it appear that the thing causing the injury was so completely in the control of the defendant that, in the ordinary course of events, the mishap could not have occurred had there been proper care on the defendant's part.
This exclusive control, with certain variations, Yarbrough v. Ball U Drive System, Fla., 48 So.2d 82, none of which is present here, is an indispensable element and, as a corollary, the doctrine cannot avail if, from the factual situation developed it could be reasonably inferred that the injury was attributable to another. Alabama Power Co. v. Bryant, 226 Ala. 251, 146 So. 602; Smith v. McClung, 201 N.C. 648, 161 S.E. 91; 65 C.J.S., Negligence, § 220, page 1012.
At the time of the mishap, the cleaning service was engaged in washing the windows, and to accomplish the task, it was necessary to remove the screens. This work was unquestionably that of an independent contractor.
The appellant, herself, accepted payment for her injuries from the window cleaning company. All this leads to the conclusion that the doctrine was inappropriate for this controversy, that company having been recognized as responsible, and, by the same token, to the conclusion that the cleaning company being responsible as an independent contractor, the appellee was not.
Affirmed.
SEBRING, C.J., and TERRELL and HOBSON, JJ., concur.