71 So.2d 169 (1954)
ROTH et al.
v.
DADE COUNTY.
Supreme Court of Florida. Division A.
March 16, 1954.
Rehearing Denied April 5, 1954.
*170 Marx M. Faber, Miami, for appellants.
Charles A. Kimbrell, Carl P. Stephens, Jr., and Dixon, DeJarnette & Bradford, Miami, for appellees.
TERRELL, Justice.
Jackson Memorial Hospital is operated by Dade County. In November 1950, appellant entered said hospital for and received surgery. She requested a semi private room and received what was known to the hospital as group nursing, a system by which one nurse was assigned to three patients, each patient bearing his part of the nursing cost. During her confinement at the hospital and while she was unconscious, appellant was burned by hot applications, causing permanent scars and other injuries. She brought this action to recover damages to her person. There was an answer to the complaint which denied negligence on the part of defendant. At the trial after resting their case, plaintiffs moved to amend as authorized by Rule 15 B, Common Law Rules, the purpose of which was to apply the res ipsa loquitur doctrine. Defendant moved for directed verdict and argument was heard on both motions. The plaintiff's motion to amend was denied and the defendant's motion for directed verdict was granted on the ground (1) negligence on the part of defendant was not proven and (2) the proof did not show the nurses in charge of the patient at the time of the injury were agents, or employees of the hospital. We are confronted with an appeal from the final judgment.
The real point in issue is whether or not the nurses attending the patient during the period in which the injury is alleged to have occurred were agents or employees of the hospital.
As already pointed out when appellant entered the hospital, she requested group nursing. It is admitted that the hospital acted as agent for both the nurses and appellant, but as to the nurses, the hospital contends that its agency was limited to handling administrative and accounting matters and as a collecting agency, for which it was paid by the nurses. It contracted the group nurses for the patient and exercised supervision over them, but did not hire or fire them and did not control their employment. Their conduct while employed was under complete control of the plaintiff or her attending physician. Under such circumstances it is contended that the nurses were independent contractors and the hospital is not liable for their alleged negligence.
Appellant relies on West Coast Hospital Ass'n v. Webb, Fla., 52 So.2d 803 to support her contention. In that case the doctrine of res ipsa loquitur was discussed at length and the circumstances under which it will be applied defined. We pointed out that negligence will not be presumed, it must be proven, but when direct proof is wanting and such circumstances are shown as to leave no conclusion except that the defendant was at fault, a prima facie case may arise justifying the application of the res ipsa loquitur doctrine. One who proves specific negligence may not avail himself of the doctrine.
It appears that appellant's doctor and the nurses attended her at the operation and while she was in post operation shock, in fact at all times during the period she was in the hospital. There is no showing *171 that the patient or the group nurses were under exclusive control of the hospital during the period in which the injury is alleged to have occurred. The evidence did not bring the case within the res ipsa loquitur doctrine and we do not find evidence on which the jury could predicate a verdict against the hospital for the plaintiff, so there was no error in directing a verdict for the defendant.
We have considered and passed upon the liability of hospital only under the facts shown by the record in this particular case.
The judgment appealed from is therefore affirmed.
Affirmed.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.