89 So.2d 13 (1956)
Bess HINE, Appellant,
v.
Dr. Harold H. FOX, Appellee.
Supreme Court of Florida. Special Division B.
July 31, 1956.
*14 Moore, Jaffe & Amari, Miami, for appellant.
P.N. Hiatt and Aronovitz, Aronovitz & Caidin, Miami, for appellee.
CARROLL, Associate Justice.
The appellant who was the plaintiff in the Court below brought a malpractice action against the defendant physician seeking damages for injuries which she received as the result of the breaking of an instrument which the doctor was using in treating her. Her appeal is from the summary judgment for the defendant. The Circuit Judge's order recited: "The pleadings, depositions on file and the admissions made at the pretrial conference show that there is no genuine issue as to any material fact and that the defendant, Dr. Harold H. Fox, is entitled to the entry of a judgment in his favor as a matter of law."
In her complaint the plaintiff alleged that she had employed the defendant physician to remove certain moles from her face; that he used a cautery instrument described as an electrically heated knife blade; that during the performance of the operation the heated knife blade became dislocated from the instrument and fell on her neck and the upper part of the body, resulting in certain burns to her and damage to her clothing.
It was alleged that the instrument was dangerous and capable of causing damage, and that inspection and use of the instrument was in the exclusive management and control of the defendant and his servants. Negligence was alleged generally, and the only specific allegation of negligence was "That the defendant had known or should have known that said cautery instrument was mechanically defective and that defendant was negligent in using said defective cautery instrument in the performance of said operation, * * *."
The defendant's answer denied negligence and averred he removed one mole from the plaintiff's face with the cautery and was preparing to remove another when the cautery point became disengaged from the instrument and dropped on a towel at the plaintiff's neck, and that in their joint effort to remove it it was brushed against her neck and burned her before falling to the floor. The answer explained that the cautery was a factory assembled instrument, and averred that any defect was mechanical and not within the control of or detectable by the defendant, and that the liability, if any, rested on the manufacturer of the instrument.
By his deposition the doctor brought out that the instrument had been in good condition until the time it broke; that the tip was not replaceable, being an integral part of the instrument; that it was tested by preheating and touching against absorbent cotton; that it had been acquired four years previously; that it had been used by him on occasion and that it had been kept in a case; that the tip broke during the course of the cauterizing of a second mole on the face of the plaintiff.
*15 No issue or material conflict was raised by the plaintiff's deposition. She confirmed the testing of the instrument against the cotton; that one mole was successfully removed with the cautery instrument and that the tip of the instrument fell during removal of the second mole. On the question of negligence, no facts were advanced to show negligent handling or use of the instrument. The instrument was produced, revealing that it was an assembled pencil like instrument having an electrical cord, and of which the tip, which was subject to being heated, was attached by threads and also by being soldered or welded. It was not subject to being disassembled for inspection. There was no showing of any discoverable defect about the instrument, and there was no allegation or evidence that it had demonstrated unreliability or furnished any other warning of imperfection or tendency to disintegrate in use.
Clearly there were no genuine issues of specific negligence, as to method or manner of treatment. The question here narrows down to whether the doctrine of res ipsa loquitur is applicable, upon the breaking of the instrument, to make a prima facie case of negligence against the doctor.
There is a sound reason why, in cases involving charges of malpractice against a professional man, negligence will not be presumed but must be proved. Cf., West Coast Hospital Ass'n v. Webb, Fla., 52 So.2d 803, and Roth v. Dade County, Fla., 71 So.2d 169.
"In cases arising from charges of malpractice, the sum of money involved, regardless of its size, is a mere gesture in comparison with the professional character and reputation of the defendant. He should not therefore, be condemned on evidence that does not point conclusively to his negligence." Foster v. Thornton, 125 Fla. 699, 170 So. 459, 463.
"It is a serious matter to charge a surgeon with malpractice. He should not be convicted on speculation or other than reasonable proof of the charge. He cannot be convicted for pure accident or for other results incident to his treatment if he was exercising the best approved methods known to medical science with care and diligence." Horowitz v. Schwartz, Fla., 74 So.2d 801, 804.
Thus, this Court has held that the doctrine of res ipsa loquitur does not apply in a malpractice case where negligence is charged in diagnosis or treatment. In Foster v. Thornton, 125 Fla. 699, 170 So. 459, 461, this Court said, "In the decision dated August 10, 1933, we held in effect that, in an action for damages resulting from an injury caused by negligent treatment of a patient by a doctor, the doctrine of res ipsa loquitur does not apply, that when applied to for treatment the doctor must determine at his peril whether or not the ailment complained of may be properly treated and the method to be followed in the treatment, but that error, unskillfulness, or negligence in diagnosis or treatment will not be proven by the fact that the patient continues to suffer, grows worse, or dies, because if this were the case, doctors would be warrantors of cures." See also, Grubbs v. McShane, 144 Fla. 585, 198 So. 208.
Those holdings forbid the establishment of liability by inference alone under res ipsa loquitur, to the extent that the case depends on any claim of negligence of the doctor in his method and manner of treating the plaintiff.
When an instrument being used by a doctor in treating a patient breaks and injures the patient, there seems less reason to apply res ipsa loquitur than in a case involving claimed negligence in the form of improper diagnosis or treatment. This is so because the requisite control by the doctor is lacking.
If the instrument is a manufactured item, all in one piece, or rigidly assembled as in this instance and not intended for *16 internal inspection for possible defects within, the liability, if any, for a latent defect would be on the manufacturer, under the rule announced in MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, 1053, L.R.A. 1916F, 696. Cf., Smith v. American Cystoscope Makers, Inc., 44 Wash.2d 202, 266 P.2d 792, and Matthews v. Lawnlite Company, Fla., 88 So.2d 299.
Cases on the applicability of the doctrine of res ipsa loquitur for injuries from the breaking of an instrument by a doctor or surgeon are collected in an annotation, 162 A.L.R. 1321-1324, and the majority rule as shown there is against use of the doctrine. The recent case of Smith v. American Cystoscope Makers, Inc., supra, 44 Wash.2d 202, 266 P.2d 792, is an informative authority on this feature. There the patient suffered burns when a short circuit developed in an electrical instrument or machine which was being used by the doctor in performing an operation. The defect was a latent one, and in the absence of a showing of specific negligence of the doctor with reference to it, the holding was clear that res ipsa loquitur was not applicable.
Rather than reject the doctrine of res ipsa loquitur, these rulings give it recognition, and observe its limitations. Those include the features that the doctrine will not support an inference of negligence when the thing causing the injury was not in the complete control of the defendant (West Coast Hospital Ass'n v. Webb supra, Fla., 52 So.2d 803, Schott v. Pancoast Properties, Fla., 57 So.2d 431), or if, from a factual situation developed, it could be reasonably inferred that the injury was attributable to another (Schott v. Pancoast Properties, supra), or "where, as here, the situation is fully explained by evidence showing no negligence" of the defendant. Batson v. Western Union Telegraph Co., 5 Cir., 75 F.2d 154, 157. Each of those exceptions favored the defendant on the facts.
The record discloses that the Circuit Judge had before him all of the material evidence which this case could be expected to produce, and that he was correct in finding the defendant was entitled to a judgment in his favor at that stage of the case, as a matter of law.
The judgment is affirmed.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.