96 So.2d 209 (1957)
McKINNEY SUPPLY COMPANY, Grace Industrial Corporation, Federal Screen Supply Company, Appellants,
v.
Max OROVITZ, Ruth Orovitz, Dan B. Ruskin, and Mollie K. Ruskin, d/b/a Public Gas Company, Appellees.
Supreme Court of Florida.
July 3, 1957.
Davant, Letts & White, Miami, for appellants.
Wicker & Smith, Miami, for appellees.
HOBSON, Justice.
These are consolidated appeals from three cases which were tried together below. Plaintiffs appeal from judgment entered consequent upon a verdict for defendants in each of the three cases.
The undisputed facts are the following: Defendants (appellees here) are in the business of selling liquefied petroleum gas. In connection with this business, they owned a building or plant wherein liquefied petroleum gas was transferred to cylinders to be hauled away from the plant to customers. Commencing in the early morning hours of June 7, 1953, a fire burned the defendants' plant, spreading to property owned by the plaintiffs and causing substantial damage.
*210 Plaintiffs brought suit on the theory of res ipsa loquitur, making the necessary allegations to support this theory. The defendants, in their answer, admitted that the fire occurred at the time and place alleged, but denied the remaining allegations of the complaint. The cases were tried before a jury and at the close of all the evidence the plaintiffs moved for a directed verdict. The motion was denied, and a verdict was returned for defendants, whereupon plaintiffs moved for judgment notwithstanding the verdict. This was denied, and final judgment was entered for defendants.
Although much space is devoted in the briefs to a discussion of the doctrine of res ipsa loquitur, it appears to be conceded by the parties that there is no real difference between them as to the nature of this doctrine. But appellants contend that the evidence was insufficient to rebut the presumption of negligence which arose from the application of the doctrine, while appellees take the position that the inference or presumption of negligence, if any there was, was clearly rebutted, leaving the disposition of the cases solely within the purview of the jury. On the first point raised by appellants, therefore, our task is restricted to a review of the record.
Certainly it was not established that any of the equipment in the plant was defective in a way which could have caused the fire. The situation confronting us, therefore, is to be contrasted with that which we reviewed in Williams v. Puleo, Fla., 70 So.2d 290, where a gas-fed fire could have been, and the jury apparently found that it was, caused by the defective character of a check valve, from which certain essential parts had been removed by the user.
There was evidence that the safety classification of appellee's plant was excellent or "above average." Chief Davis, Miami Fire Marshal, and Chief Willis, Deputy State Fire Marshal, testified at length. Based upon the testimony of these and other witnesses, the jury could have found the plant was well organized; that the many safety devices with which the plant was equipped were in proper working condition and were helpful in rendering the fire less disastrous than it might have been; that the plant had been inspected on March 5, 1952, and found in good condition; and that the management was extremely cooperative with safety officers and disposed to comply with any of their safety suggestions. There was no explosion of the kind which would have occurred if escaping gas had been ignited inside of the building. The investigation conducted by Chief Willis convinced him that the fire originated on the outside of the building.
On this record the jury was authorized to find that the fire had its origin on the exterior of the building, and that it may have been caused by neon lighting equipment located there. Chief Willis testified that fires will sometimes "start in some unexpected way, regardless of the fire prevention used" and he further testified that neon signs are not "prominent" causes of fires if properly installed and maintained. From all of his testimony and on the balance of the record, however, the jury was authorized to believe that a neon sign might cause a fire in the ordinary course of events, even in the absence of any negligence. Under the circumstances, an essential element contended for by the appellants either was not established or was rebutted, depending upon the vantage point from which the case is observed, for it was incumbent upon them to convince the jury that the cause of damage was one which would not occur in the ordinary course of events in the absence of negligence. In the recent case of Williams v. U.S., 218 F.2d 473, 476, the United States Court of Appeals for the Fifth Circuit stated succinctly and clearly, in connection with the res ipsa doctrine:
"In the final analysis, each case seeking to invoke this doctrine must stand or fall upon its own facts. * * * It is not enough that the plaintiff shows that the thing which injured him was *211 in the exclusive control of the defendant, he must also show that the accident would not have occurred in the ordinary course of events if the defendant had exercised due care." [Italics by the court.]
See also Roth v. Dade County, Fla., 71 So.2d 169, and 20 Am.Jur., Evidence, Section 218.
Of more specific applicability to this case, it has been held that a fire of unknown origin will not of itself justify the conclusion that negligence is the most likely explanation, Davis v. Rivers, 103 Okla. 198, 229 P. 571; Watenpaugh v. L.L. Coryell & Son, 135 Neb. 607, 283 N.W. 204, and that in such a situation the res ipsa doctrine does not apply, The President Wilson, D.C. D.Cal., 5 F. Supp. 684; Prosser on Torts, 2d Ed., p. 203.
Appellants seek to take advantage of the res ipsa doctrine, contending that the fire was of unexplained origin, and also of specific negligence, contending that the fire may have started from a refrigerator inside the building or from a defect in the neon sign outside. We have adready disposed of the "fire of unexplained origin" contention. As for specific negligence, the jury was authorized to find that the refrigerator, being inside the building, could not have started the fire on the outside, and that no negligence was proved in connection with the neon sign or the devices which operated it. The evidentiary situation authorized the verdict reached, under either view of the case.
Appellants contend that there was error in the jury charge, but we are of the opinion that the court's instructions could not have been better tailored to the evidence. If any error there was, it operated to appellants' advantage, since under the charge the jury could have returned a verdict for the plaintiffs either on specific negligence or the res ipsa doctrine, and thus appellants were given the benefit of either theory. There was and could have been no prejudice here, and we find no merit in appellants' arguments in connection with the charge.
The final point we deem it necessary to discuss is appellants' contention that it was error to admit evidence of their insurance coverage and to permit counsel for appellees to refer to insurance in his argument to the jury. Having reviewed the record, we agree with appellees that appellants originally injected the subject of their insurance into the case, referred to it repeatedly throughout the trial, and made no specific objection when counsel for appellees pursued the subject. We can discover no place in the record where the court was requested to instruct the jury to disregard the references to insurance, and no instruction was given such as in Morton v. Holaday, 121 Fla. 813, 164 So. 514. It is also evident that no objection was made in behalf of appellants to the reference to insurance in the summation by counsel for appellees. With due regard to this introduction and preoccupation with the subject by appellants throughout the trial and their failure to object during argument, we think it now too late for them to ask a reversal, and a repetition of the long and expensive trial of three cases, upon this ground.
Affirmed.
TERRELL, C.J., DREW and THORNAL, JJ., and STURGIS, District Judge, concur.