PEARSON, Judge.
The trial judge.directed a verdict for the defendant at the conclusion of the case for the 'plaintiff. Plaintiff appeals and urges .error upon the ground that the facts of the case called for an application of the doctrine of res ipsa loquitur, and that the doctrine afforded reasonable evidence for the submission of the case to the jury. Upon a .determination that the. factual situation presented by plaintiff was not a- proper ba* sis for the application of the inference of *620 negligence by the defendant, the judgment is affirmed.
The facts developed by plaintiff’s evidence were as follows:
On the morning of the accident, the defendant’s employees installed certain sliding glass doors between the living room and Florida room of the house in which plaintiff was residing. The only work remaining to be done was the placing of a sloping threshold on either side of the track at the door frame. A witness testified that this threshold had nothing to do with the functioning of the doors, and it did not come into contact with the sliding doors. Defendant’s employees slid the doors back and forth and the doors appeared to be functioning properly.
Plaintiff and the other occupants of the house were absent from the home after the installation until their return the evening of the day in which the sliding glass doors were installed. Approximately twelve hours intervened between the installation and the occurrence of the accident. During the evening and after the return of the family, Mr. John Ek, plaintiff’s next friend, closed the windows in the Florida room and turned on the air conditioner. He moved one of the glass doors when he went into the room to turn on the air conditioner, and he also moved the door again when he went into the room to turn off the air conditioner. Following this, Mr. Ek requested the plaintiff and Mrs. Ek to go to the Florida room to- open the windows. As plaintiff was leaving the Florida room she heard a crack, looked up, and saw the glass falling upon her. The plaintiff testified that she neither walked into the glass nor did anything else that ■could have caused the glass to break. There was testimony to the effect that a •piece of glass with blood on it was down in between the overlapping doors. Defendant contends if the glass had simply fallen ■out of the door and toward the plaintiff, it would have been impossible for any piece to be down in between the overlapping sliding glass doors.
It is apparent that the plaintiff has failed to prove by direct evidence any negligence on the part of the defendant in installing the sliding glass doors. Thus plaintiff can only succeed in establishing proof of negligence, if the doctrine of res ipsa loquitur applies. The rule of evidence with which we are concerned has often been stated and discussed by the Supreme Court of Florida. See Yarbrough v. Ball U-Drive System, Fla.1950, 48 So.2d 82; Schott v. Pancoast Properties, Fla.1952, 57 So.2d 431; Frash v. Sarres, Fla.1952, 60 So.2d 924; Tamiami Trail Tours v. Locke, Fla.1954, 75 So.2d 586, and cases cited therein. It is only necessary therefore to point out the failure in the evidence which makes the rule inapplicable. Where the facts presented are such that it is apparent to reasonable men that there has been negligence, it is still necessary for the facts to point to the defendant as the probable creator of the dangerous situation. See Schott v. Pancoast Properties, supra.
Under the facts presented by the plaintiff in the instant case, there is no evidence to point to a probable cause. The plaintiff presents at best an unexplained accident. The only connection between the defendant and this accident is that its agents had installed the door which broke some twelve hours prior to the accident. The Ek family, together with their friends and an employee, had an opportunity to and it is testified that some of them did examine and manipulate the doors. The accident could well have happened through the intervention of causes set in motion by others.
 The Supreme Court of Florida has recognized that there are cases when the inference of negligence by the defendant may arise even though there is the possibility of intervening causes. Groves v. Florida Coca-Cola Bottling Co., Fla.1949, 40 So.2d 128. But in each of these cases the indicated negligence lies within the scope of defendant’s duty, and while it may be said that the possibility of an intervening cause has not been entirely eliminated, *621 it is apparent that the facts proved lead to the conclusion that the defendant was the party at fault. See Yarbrough v. Ball U-Drive System, cited above. Where this conclusion does not necessarily follow from the facts proved, the plaintiff may not avail himself of the doctrine. See Roth v. Dade County, Fla.1954, 71 So.2d 169; McKinney Supply Company v. Orovitz, Fla.1957, 96 So.2d 209. We do not find that the facts presented by the plaintiff here indicate negligence of the defendant.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.