PATTISHALL, Associate Justice.
Petitioner is here seeking a writ of cer-tiorari to review a judgment of the Circuit Court of Brevard County affirming, on appeal, a judgment of the Small Claims Court of Brevard County.
The action arose out of a collision between defendant’s passing freight train and the automobile of plaintiff, as it stood on a platform or ramp at the defendant’s station in Melbourne. The complaint alleges that some “heavy object” protruding out of the side of the train struck plaintiff’s auto, thereby causing the damages claimed and charges the defendant with negligence by reason thereof.
At the trial the case turned on the question of the correctness of applying the doctrine of res ipsa loquitur to the factual situation presented. It may be conceded that without the benefit of the inferences to be drawn by the application of this doctrine there was no proof of negligence on the part of defendant. If the doctrine of res ipsa loquitur was incorrectly applied, then the judgment would be illegal and this is therefore a proper case to be reviewed by certiorari.
Plaintiff’s auto was parked on defendant’s baggage or pedestrian platform which is only 19 inches wider than the width of the auto; the front wheels of the auto were slightly nearer the train track than the rear wheels and pointed slightly toward the track, headed north, which was the direction the train traveled. Plaintiff was walking away from the car with his back toward it when “something hit the car” and he then looked and saw the car being repeatedly struck by various cars of the freight train. The train consisted of a diesel engine and 110 freight cars, and from Yz to of the train had already passed by at the time of the collision. There was no proof of a protruding object or of what actually collided with the car. The train had been inspected at Ft. Pierce, 40 miles to the south and there were no protruding objects then; the engineer saw the car in his headlights and it was not parked in a dangerous position. Evidence of the contents of the freight cars showed no freight of the type that might be expected to protrude from the side of the cars.
The trial court concluded that the train being the “thing” that caused the injury having been in the exclusive control, possession and management of the defendant when the accident occurred and the plaintiff being “eliminated as the cause,” it became a simple matter to infer that it was caused by the negligence of the defendant in the absence of any explanation by it. In this we believe the trial court, and the circuit court in affirming it, failed to take into consideration other necessary requirements for the application of the doctrine of res ipsa loquitur.
Our Supreme Court in American Dist. Electric Protective Co. v. Seaboard Air Line Ry. Co., 129 Fla. 518, 177 So. 294, 297, said:
“The doctrine is that when a thing which causes injury without default of *612 the person injured, is shown to be under the exclusive control of the defendant and would not cause the damage in ordinary course if the party in control used proper care (emphasis ours), it affords reasonable evidence, in the absence of an explanation, that the injury arose from defendant’s want of care. * * * ”
In Roth v. Dade County, Fla., 71 So.2d 169, 170, our Supreme Court said in referring to the case of West Coast Hospital Ass’n v. Webb, Fla., 52 So.2d 803:
“In that case the doctrine of res ipsa loquitur was discussed at length and the circumstances under which it will be applied defined. We pointed out that negligence will not be presumed, it must be proven, but when direct proof is wanting and such circumstances are shown as to leave no conclusion except that the defendant was at fault, a prima facie case may arise justifying the application of the res ipsa loquitur doctrine.”
It is said in 38 Am.Jur. Par. 303, page 1000,
“It should not be allowed to apply where, on proof of the occurrence, without more, the matter still rests on conjecture alone or the accident is just as reasonably attributable to other causes as to negligence. In other words, if the facts and circumstances of the occurrence give rise to conflicting inferences, one leading to the conclusion of due care and the other to the conclusion of negligence, the doctrine does not apply.”
There is no proof by the plaintiff of a “protruding object” from the train that might have struck the automobile, but in fact there is some negative proof by defendant that there was no such object.
We think that the circumstances shown by the proof do not eliminate every other conclusion save that the defendant was at fault, and unless they do, the rule is not applicable. In the absence of evidence that the brakes on plaintiff’s auto had been set, it seems to us just as reasonable to conclude that it rolled into the train; otherwise, why did one-half to one-third of the train pass without striking it? We do not arrive at any such conclusion, but on the other hand we do not believe every other conclusion has been eliminated except that it was the fault of the defendant.
It is our opinion that the judgment in this case was not according to the essential requirements of the law and is therefore illegal. The writ of certiorari should, and it is hereby granted, and the judgment of the Circuit Court of Brevard County affirming the judgment of the Small Claims Court of Brevard County be, and the same is hereby quashed and set aside, with directions to the Circuit Court to reverse the judgment of the Small Claims Court of Brevard County in accordance with the views herein expressed.
ALLEN, Acting Chief Judge, and BARKER, Associate Justice, concur.