DREW, Justice.
The Circuit Court of Dade County, in a declaratory judgment action concerning petitioner’s rights under the Civil Service Act of respondent City, entered a decree adverse to the contentions of the petitioner police officer of the City. On appeal the District Court for the Third District affirmed without opinion.
Asserting that such police officer is a constitutional or state officer within the meaning of the Constitution,[1] an attempt is made here to have the per curiam order of affirmance of the District Court reviewed by us. Our opinion in Lake v. Lake[2] is sufficient to deny the petition for certiorari. In addition, however, it is quite obvious that a police officer of a municipal corporation is not a “constitutional or state officer” as contemplated by the germane constitutional provision.[3]
Certiorari denied.
TERRELL, C. J., and THOMAS, ROBERTS and BUFORD, JJ., concur.

. Art. Y, See. 4(b) of the Florida Constitution (as amended in the General Election of 1956), E.S.A., provides “The supreme court may review by certiorari any decision of a district court of appeal that affects a class of constitutional or state officers * *

. Ela., 103 So.2d 639.

.See Advisory Opinion to Governor, 146 Ela. 622, 1 So.2d 636; State ex rel. Swearingen v. Jones, 79 Ela. 56, 84 So. 84; State ex rel. Attorney General v. Burns, 38 Fla. 367, 21 So. 290. Of. Armstrong v. City of Tampa, 1958 Ela., 106 So.2d 407, holding that the words “State Statute” in amended Art. V, Sec. 4(b) does not include municipal ordinances.