118 So.2d 25 (1960)
SOUTH FLORIDA HOSPITAL CORPORATION, a Florida Non-Profit Corporation, D/B/a Hialeah Hospital, Petitioner,
v.
Naoml McCREA and Emory McCrea, Her Husband, Respondents.
Supreme Court of Florida.
February 17, 1960.
Rehearing Denied March 8, 1960.
*26 Blackwell, Walker & Gray and Samuel J. Powers, Jr., Miami, for petitioner.
Sams, Anderson, Eaton & Alper and Phillip Goldman, Miami, for respondents.
WILLIS, BEN C., Circuit Judge.
This case is before us on a petition for writ of certiorari to review a decision of the District Court of Appeal, Third District, 112 So.2d 393, on the ground that there is a direct conflict in that decision with decisions of this Court and of the Second District Court of Appeal on the same point of law. A prima facie showing was made as to such conflict and the writ was issued.[1]
The petitioner was defendant in the trial court[2] in a suit brought by respondents husband and wife, as plaintiffs, seeking damages for personal injuries sustained by the wife, alleged to have been the result of negligence attributable to petitioner. The respondent wife was a surgical patient in petitioner's hospital and while in the recovery room, following an abdominal operation, she sustained fractures to the upper bone of both arms. The respondents contended that the fractures were caused when the patient was negligently permitted to fall from the recovery table while she was still under anesthesia and while she was exclusively under the custody and control of the agents and employees of the petitioner. The petitioner contended that such fractures were probably self-inflicted by involuntary convulsions of the patient, and that in any event there was no negligence for which the petitioner is answerable.
The trial court submitted the case to the jury, after giving an instruction on the doctrine of res ipsa loquitur.
The plaintiffs recovered verdicts and final judgments on such verdicts were entered. The defendant in the trial court (petitioner here) appealed to the District *27 Court of Appeal, Third District, which affirmed the trial court with opinion (112 So.2d 393).
The pertinent part of the opinion rendered by the District Court of Appeal is as follows:
"The defendant contends that the lower court erred in applying the doctrine of res ipsa loquitur because the plaintiffs introduced evidence of specific negligence on the part of the defendant. West Coast Hospital Ass'n v. Webb, Fla., 52 So.2d 803; Roth v. Dade County, Fla., 71 So.2d 169. That this jurisdiction has not aligned itself with those jurisdictions so holding (33 A.L.R.2d 800) is evident from the decision in McKinney Supply Company v. Orovitz, Fla., 96 So.2d 209; 33 A.L.R.2d 795.
"Defendant's second point has been carefully examined and found to be without merit."
The petitioner contends that this decision is in direct conflict with two decisions of this Court[3] and one of the Second District Court of Appeal.[4]
In this case, we must address our attention to the point or points of law pronounced by the District Court to ascertain if there is a conflict on the same point or points in pronouncements set forth in the cited cases and that such conflict requires resolving in order to achieve "standardization of [the] decisions on the same point of law"[5]. It was also said in the Lake case,[5] and such is equally applicable here, as follows:
"at this late date in the progress of the litigation the standardization of decisions on the same point of law will have become primary, the effect upon the immediate litigants consequential".
Though it may be conceivable that a point of law may be pronounced by an appellate court in other ways, the usual and most common means is by the opinion of the court (or of a controlling majority of the court) which is published when the judgment and decision is rendered. It is in the opinons that legal principles are defined, discussed and pronounced. From them the "case law" is derived and it is there that points of law are given expression which are regarded and relied upon as controlling precedents.
It is not amiss to again point out that the scope of review by the Supreme Court of a decision of a Court of Appeal is extremely limited when the ground of asserting jurisdiction is an alleged conflict of such decision with the decision of another appellate court on the same point of law.[6] For this court to interfere with the judgment of a district court of appeal, on the ground mentioned, it must appear that the court of appeal has, in the decision challenged, made a pronouncement of a point of law which the bench and bar and future litigants may fairly regard as an authoritative precedent but which is in direct conflict with the pronouncement on the same point of law in a decision or decisions of the Supreme Court or another District Court of Appeal. Constitution, Article V, Section 4(2), F.S.A.
We must, therefore, examine the point or points of law pronounced in the opinion of the District Court of Appeal in this case and compare it with the pronouncements of this court and of the Second District Court of Appeal to determine if there is a conflict to be resolved.
At the risk of being tedious, we will again reiterate that unless we find a conflict *28 in decisions of other appellate courts[7] of this state on the point or points of law pronounced in the opinion of the District Court of Appeal in this case, we have no power or jurisdiction in any manner to disturb the judgment of the lower court. Courts of Appeal are and were meant to be courts of final appellate jurisdiction in the vast majority of cases, and in cases such as the one at bar it is only to harmonize and standardize decisions that this court may presume to interfere. As said by Mr. Justice Thomas in Lake v. Lake, supra:
"Sustaining the dignity of the decisions of the district courts of appeal must depend largely on the determination of the Supreme Court not to venture beyond the limitations of its own powers by arrogating to itself the right to delve into a decision of a district court of appeal primarily to decide whether or not the Supreme Court agrees with the district court of appeal about the disposition of a given case".
We therefore initially refrain from scrutinizing the action of the trial court or of the Court of Appeal as to the effect on the parties to the cause. If what was decided finds no contradiction in what this court or another District Court has said in their official pronouncements on the same point or points of law, then our authorized examination is complete and the writ of certiorari will be discharged. If there is contradiction we will undertake to resolve the conflict.
The real (and only) point of law set forth in the first paragraph of the portion of the opinion quoted above is as follows:
A plaintiff is not precluded from resorting to the doctrine of res ipsa loquitur merely because he introduces evidence of specific negligence attributable to the defendant.
This expression of the stated point or principle of law necessarily is based upon an assumption that the doctrine of res ipsa loquitur would unquestionably apply if the plaintiff had not offered or introduced evidence of specific acts or omissions in an effort to prove the issue of actionable negligence of the defendant. Therefore, we do not examine or question whether or not the doctrine would have been properly applicable in the absence of evidence of specific negligence. The narrow scope of the initial phase of our review does not permit such an inquiry. We must assume that it would have been properly applicable.
The opinion of the Court of Appeal cites two different page references to 33 A.L.R.2d and an examination of these citations clearly reveals the true holding of the court.[8]
Referring to 33 A.L.R.2d, it is found that there is an extensive annotation, commencing on page 791, on the subject "Evidence of Specific Negligence as Affecting Reliance on Res Ipsa Loquitur". On page 795 is the subtitle of "Effect of Specific Evidence Not Clearly Establishing Precise Cause of Injury". A general principle is there stated that:
"* * * most of the courts which have considered the question have recognized that where the circumstances of the occurrence and the pleadings of the parties would otherwise present a proper situation for the application of the doctrine, the plaintiff does not lose its benefits by introducing some evidence of specific negligence which does *29 not establish clearly and definitely the cause of the injury, or, as it is sometimes more concisely phrased, that the plaintiff's unsuccessful attempt to prove specific negligence will not deprive him of the inferences or presumptions otherwise available under res ipsa loquitur".
This is followed by two full pages of case citations from federal courts and courts of twenty states. This appears to be the decided weight of authority.
On page 800 is the subtitle "Cases Indicating That Any Evidence of Specific Negligence Excludes Res Ipsa". The general statement is made:
"While it is doubtful if they represent the considered rule in any jurisdiction, a number of decisions contain language indicating that the plaintiff's introduction of any evidence of specific negligence on the defendant's part will preclude his reliance on res ipsa.
"So, in several cases it has been said that the plaintiff cannot have the benefits of the doctrine where he has given evidence `tending' to show specific negligence".
This is followed by citation of an Illinois case, and several cases from Missouri and New York.[9] It is also stated:
"In other decisions the courts have used language indicating that the doctrine was inapplicable where there was `direct evidence' or `direct testimony' as to the specific negligence causing the injury".
This is followed by digests of a number of cases which have held in accordance with that stated principle. Though all of these cases do not specifically so state, (two of them do[10]) the rationale of these holdings appears to rest on the concept of the doctrine as a rule of necessity to be invoked only where direct evidence is absent or is unavailable or not readily available to the plaintiff. Therefore, so it would be reasoned, if the plaintiff can present directly evidence of specific negligence there is no necessity for the rule and its applicability is nullified. A variation of this concept is found in the holdings of some cases to the effect that, although an unsuccessful attempt to prove specific negligence does not deprive a plaintiff of the benefits of the doctrine otherwise available, the presentation of evidence of specific negligence sufficient to raise an issue for the jury does exclude any inference or presumption arising from res ipsa. 33 A.L.R.2d 803-805. However, the majority rule seems to be that the introduction of evidence of specific negligence which does not clearly establish the precise cause of the injury, will not preclude reliance on the otherwise-applicable res ipsa doctrine. The view is taken that, except in the clearest cases, both the specific evidence and the appropriate inferences from the happening of the accident should be permitted to go to the jury, which, if it rejects the specific proof may still find against the defendant on the basis of inference. See 33 A.L.R.2d 805-810 and cases cited and digested.
There thus seems to be divided views among the courts of the nation as to the applicability of the doctrine when evidence of specific negligence is introduced by the plaintiff. The court below, in the pronouncement now under examination, places Florida among those jurisdictions which hold that the plaintiff may, in a proper case, resort to both evidence of specific negligence and to the inferences and presumptions of the doctrine of res ipsa. The decision *30 specifically rejects alignment with those jurisdictions holding that resort to evidence tending to show or directly showing specific negligence will always render res ipsa wholly inapplicable.
Does Frash,[11] Hine,[12] or Martin[13] contradict this holding? We think not.
Frash appears to have been an application of what is generally regarded as a universally accepted rule that "there is no need or room for the operation of any inference or presumption under the res ipsa loquitur doctrine where the evidence in the case reveals all of the facts and circumstances surrounding the occurrence in suit and clearly establishes the precise cause of plaintiff's injury". 33 A.L.R.2d 793. In this case it was clearly established that plaintiff's injury was caused by his being struck in his temple and eye by a blade of a ceiling fan in defendant's place of business. Also the evidence showed all of the facts and circumstances surrounding the accident. Under the state of the evidence the issue was plainly whether the fan was turned on before or after the plaintiff climbed up to the place where he came in range of the blades of the fan. There was no occasion to resort to inference or presumption.
The same is true of Hine. The precise cause of plaintiff's injury was her flesh coming in contact with the disengaged point of defendant's cautery instrument which had been electrically heated to a temperature sufficient to cauterize. Also all the facts and circumstances surrounding the occurrence were clearly revealed  so clear, in fact, that summary judgment for defendant was rendered. The opinion in that case stated that the doctrine was not applicable where "the situation is fully explained by evidence showing no negligence." [89 So.2d 16.] (Emphasis supplied.)
In Martin, the point of law pronounced is that res ipsa does not apply when, "on proof of the occurrence, without more, the matter still rests on conjecture alone or the accident is just as reasonably attributable to other causes as to negligence". [101 So.2d 612.] (Emphasis supplied.) This is not the same point of law as involved in the case at bar. In the case at bar we must assume that, absent evidence of specific negligence, the doctrine would be properly applicable. In Martin it was held that the facts did not justify resort to the doctrine under any view  either with or without evidence of specific negligence.
The court below cites West Coast Hospital Ass'n v. Webb, Fla., 52 So.2d 803, and Roth v. Dade County, Fla., 71 So.2d 169. In the former case the doctrine was held applicable in a suit by a patient against a hospital for injuries sustained under circumstances with many similarities to the case at bar. In the latter case (also a patient-hospital case) the doctrine was held not applicable because the evidence did not show that the nurses in charge of the plaintiff at the time of injury were under the exclusive control of the hospital or were its agents or employees. A directed verdict for defendant was approved. However, in the opinion in that case it is said: "One who proves specific negligence may not avail himself of the doctrine".[14] [71 So.2d 170.] This statement is obiter dicta as apparently there was no attempt to offer evidence other than to show that plaintiff was injured and permanently scarred by being burned by hot applications administered during her confinement and while she was unconscious. The real point in issue was whether or not the nurses attending the patient at the time of her injury *31 were agents or employees of the hospital. The court having properly determined no such relationship, the doctrine was obviously inapplicable whether there was or was not evidence of specific negligence.
The court below apparently was convinced of not only the soundness of its holding but that the point of law pronounced found harmony and sanction in the decision of this court in McKinney Supply Co. v. Orovitz, Fla., 96 So.2d 209. There is certainly harmony in what we said in that case with what the Court of Appeal has said, even though there may be some question as to whethcer or not our statements there are mere obiter dicta so far as this point of law is concerned. We there said that it was no harmful error to a plaintiff, who was the loser in a jury verdict, for the court to have given a charge under which the jury could have returned a verdict for plaintiff either on specific negligence or the res ipsa doctrine.
On the basis of the foregoing it thus appears that there is no conflict in the decision below with a decision of this court or of the Second District Court of Appeal on the same point of law. The principle or point of law pronounced in the opinion under examination does not create contradictions in the case law of this state, but on the contrary there are harmonious tones from West Coast Hospital Ass'n v. Webb, supra, and McKinney Supply Co. v. Orovitz, supra.
The petitioner has asked this court to quash the judgment below for its failure to reverse the trial court for its denial of petitioner's motion for directed verdict. It is asserted that this point of law is expressed in the portion of the opinion which states:
"Defendant's second point has been carefully examined and found to be without merit."
It is contended that the significance of this "point of law" would become apparent in examining the record.
The statement contained in the above quotation is not a pronouncement of a point of law but merely an announcement of disposition on proceedings before the court. It is in the same category as the word "affirmed", which is often the sole utterance of appellate courts in disposing of a case. The word "affirmed" so used necessarily means that the appellate court has carefully examined all points raised by all appealing parties and found them to be without merit. Ordinarily, the rule is that we will not review a decision of a District Court, on the ground of conflict of decisions, which affirms the trial court without opinion.[15] We held in Lake v. Lake, supra, that this court will not "dig into a record to determine whether or not a per curiam affirmance * * * conflicts with the interpretation the petitioner's counsel has placed upon former decisions * * *". [103 So.2d 643.] We noted that to do so would in effect give the petitioner an unauthorized second day in an appellate court when he had already had the one day the Constitution has given him.
We recognize that there may be exceptions to the rule that this court will not go behind a judgment per curiam consisting of the one word "affirmed" which does not reflect a decision that would interfere with settled principles of law rendered by a district court of appeal. Also there may be cases in which we would go behind such a statement as that quoted in the case now being considered. We said in Lake v. Lake, supra, that it could conceivably appear from a restricted examination required in certiorari proceedings that a conflict had arisen with resulting injustice to the immediate litigant. We do not deem *32 this case to present such an exception, but from our restricted examination we find no conflict of decisions. We accord the verity the judgment below deserves in the absence of a clearer demonstration than is here made that the court of appeal has failed to give earnest, intelligent and fearless consideration to the case and failed to reach a decision in harmony with controlling precedents.
The writ of certiorari, heretofore issued, is discharged.
THOMAS, C.J., and DREW and O'CONNELL, JJ., and WIGGINTON, District Judge, concur.
TERRELL and ROBERTS, JJ., agree to judgment.
NOTES
[1] Hollywood, Inc. v. Broward County, Fla., 108 So.2d 752; In re Estate of Weiss, Fla., 106 So.2d 411.
[2] Circuit Court of Dade County.
[3] Frash v. Sarres, Fla., 60 So.2d 924; Hine v. Fox, Fla., 89 So.2d 13.
[4] Martin v. Powell, Fla.App., Second District, 101 So.2d 610.
[5] Lake v. Lake, Fla., 103 So.2d 639, 643; Florida Power & Light Co. v. Bell, Fla., 113 So.2d 697.
[6] See Lake v. Lake, supra.
[7] By appellate courts is meant the Supreme Court or another District Court of Appeal. Art. V, Section 4(2), Florida Constitution.
[8] Citation of 33 A.L.R.2d 800 is made after the statement: "That this jurisdiction has not aligned itself with those jurisdictions so holding", which, after the citation mentioned, is followed by the statement "is evident from the decision in McKinney Supply Co. v. Orovitz, Fla., 96 So.2d 209; 33 A.L.R. 8d 795". Emphasis supplied.
[9] Both Missouri and New York cases are cited under the principle set forth on page 795 of 33 A.L.R.2d.
[10] Emerick v. Mayr, 1951, 39 Wash.2d 23, 234 P.2d 1079; Goodheart v. American Airlines, Inc., 1937, 252 App.Div. 660, 254 App.Div. 566, 1 N.Y.S.2d 288.
[11] Frash v. Sarres, supra.
[12] Hine v. Fox, supra.
[13] Martin v. Powell, supra.
[14] It might be noted that a plaintiff who has proved, i.e. legally established, specific negligence doesn't need to resort to the res ipsa or any other doctrine.
[15] Hakam v. City of Miami Beach, Fla., 108 So.2d 608; Lake v. Lake, supra.