PER CURIAM.
The defendant, South Broward Hospital District, appeals a final judgment entered for the plaintiff on a jury verdict. The plaintiff sustained injuries while in the emergency room of the defendant hospital. She alleged that the defendant's employees were negligent in failing to look after her and guard her safely while she was in a helpless and unconscious condition. The defendant denied negligence and denied that the plaintiff was helpless and unconscious at the time her injuries occurred.
The record discloses in substance that following a heart attack the plaintiff was rushed by ambulance to the defendant hospital’s emergency room where she was placed on an examining table. It appears from the testimony of the attending nurse as an adverse witness that the plaintiff was left alone on the table while she, the nurse, left the room temporarily to arrange for the plaintiff’s admittance. Upon hearing a “thud” the nurse returned to the emergency room and discovered the plaintiff lying on the floor stretched out alongside and parallel to the table. The plaintiff, who suffered head and facial injuries, testified only that she remembered nothing of the incident. There were no eye witnesses.
The defendant contends on appeal (1) that the plaintiff did not carry the burden of establishing negligence on the part of the hospital; (2) that the court erred in instructing the jury that the nurse called by the plaintiff was a “hostile witness” and that the plaintiff was not bound by her testimony. The plaintiff cross-assigns as error the court’s refusal to instruct the jury on the doctrine of res ipsa loquitur.
The plaintiff and the attending nurse were the only witnesses on the issue of liability. The substance of plaintiff’s own testimony was, as above stated, that she remembered nothing of the incident and therefore must have been unconscious. The plaintiff argues that, even disregarding the testimony of the nurse, her own testimony that she could not remember the fall carries the inference that she was unconscious. However, the mere fact that plaintiff could not recall her fall is equally susceptible of an opposing inference that her loss of memory was supervenient, resulting from the fall. In essence, therefore, if negligence was to be established it could have been only through the testimony of the nurse as an adverse witness. This witness denied that the plaintiff was in an unconscious condition and further denied negligence, stating that the supervisor put a belt on the plaintiff while she, the witness, raised the siderails before she left the room to arrange for plaintiff’s admittance. There was no testimony as to how plaintiff shortly thereafter happened to be off the table. The ambulance attendants or the supervisor conceivably might have shed light on the state of plaintiff’s consciousness at the time of her arrival at the hospital, but they apparently were not called as witnesses. The court submitted the case to the jury, having refused to give an instruction on res ipsa loquitur.
The plaintiff’s entire argument presupposes that she was unconscious when she arrived at the hospital; but on this record, ruling out res ipsa loquitur later discussed, the jury could not legally find for *15 the plaintiff unless it could be determined that the hospital was negligent in leaving the plaintiff unattended while the nurse telephoned the office. Such latter determination would not be warranted unless premised on a showing by competent affirmative evidence that the plaintiff was unconscious, delirious, helpless, or that by reason of some other peculiar circumstance a duty arose on the part of the hospital to provide continuous attendance. A showing to such effect was, as a matter of law, lacking since the plaintiff could not both approbate and reprobate the nurse’s testimony by accepting some parts while rejecting others; and the nurse was, in effect, the sole witness on the immediate facts.
The plaintiff submits that the nurse’s testimony was so improbable, unreasonable and contradictory within itself as to be wholly unbelievable and subject to be disregarded in its entirety, — that a reasonable jury would not believe that the injury would have occurred had the siderails and belt been fastened as testified by the witness. This is undoubtedly a point that would sway a jury but, from what has been said of the state of the testimony, the point cannot be accepted as valid.
 There was, moreover, a questionable instruction to the jury. The court instructed that the nurse was called as a “hostile witness” and that the plaintiff was “not bound by her testimony” under the circumstances. This charge suggested an unwarranted inference of negligence. In P. & N. Investment Corporation v. Rea, Fla.App. 1963, 153 So.2d 865, we held that under Rule 1.37(a), Florida Rules of Civil Procedure, 30 F.S.A.:
“ * * * where an obviously adverse witness is called and interrogated as in this case, the plaintiff is not bound by unfavorable testimony of such witness unless the evidence othenvise fails to demonstrate a prima facie case.” (emphasis supplied)
The evidence here fails to demonstrate a prima facie case. Where a jury, in order to have arrived at its verdict, must have taken as unworthy of belief some of the testimony of an adverse witness the jury cannot, in the absence of other competent evidence, draw an inference of negligence when unchallengeable testimony points to an equally acceptable inference of no negligence.
We come now to the question of whether or not the court erred in refusing to instruct the jury on the doctrine of res ipsa loquitur. The plaintiff asserts that the case comes within the doctrine as exemplified in West Coast Hospital Ass’n v. Webb, Fla. 1951, 52 So.2d 803. We do not agree. In the Webb case the plaintiff was admitted to the hospital when clearly in a diabetic coma. While unconscious she received severe unexplained burns resulting in permanent injury. There was ample competent evidence that the burns were not received before she reached the hospital and that she arrived there “while she was completely helpless and senseless.” The facts in that case warranted invocation of the doctrine, but not so in this case.
Plaintiff’s argument presupposes that she was admitted in an unconscious condition but, as previously noted, the evidence fails to substantiate that assumption. The admitting nurse testified that the plaintiff was conscious when admitted and that the plaintiff conversed with her with respect to medications. On such a record it cannot be concluded that the plaintiff’s injuries occurred while she was completely helpless or senseless, nor can it be concluded inferentially that the means by which her injuries were sustained were within the sole control of the defendant. This case is not one in which the very nature of the plaintiff’s injury is inconsistent with any hypothesis other than that the hospital was negligent. E. g. Memorial Hospital, South Broward Hospital District v. Doring, Fla.App.1958, 106 So.2d 565; compare annotations in 173 A.L.R. 535, 542-543. The requested in *16 struction on res tpsa loquitur was therefore properly denied.
The judgment is reversed and the cause remanded for a new trial.
SMITH, C. J., and WFIITE, J., and SAMPLE, WALLACE, Associate Judge, concur,