334 So.2d 107 (1976)
Kathleen ANDERSON, Appellant,
v.
Dr. Howard GORDON et al., Appellees.
No. 75-717.
District Court of Appeal of Florida, Third District.
April 13, 1976.
Rehearing Denied July 6, 1976.
*108 Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, and Celeste Hardee, Coconut Grove, for appellant.
Magill & Sevier, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Plaintiff in a medical malpractice action appeals an adverse final judgment entered pursuant to a jury verdict for the defendant.
The unfortunate series of events giving rise to this litigation began when plaintiff-appellant, Kathleen Anderson, consulted with Dr. Howard Gordon, defendant-appellee, for the purpose of having her breasts reduced and consented to his performing a reduction mammoplasty (a breast reduction operation). Employing the Strombeck technique which helps to maintain the patients' circulatory system in the breasts, thus reducing post operative necrosis (deadening of tissue), the defendant performed a 2 1/2 hour operation removing more than 1,500 grams of tissue. Unfortunately, after the surgery plaintiff lost 30% additional breast tissue due to impaired circulation resulting in scarred, unevenly shaped breasts. Plaintiff contends the defendant committed malpractice through the misapplication of an accepted surgical procedure known as the Strombeck technique. At trial, plaintiff requested that an instruction on res ipsa loquitur be given to the jury which was refused. The jury returned a verdict finding for the defendant and final judgment was entered. Her motion for new trial being denied, plaintiff perfected this appeal and urges as reversible error the failure to instruct the jury on the application of the rule of res ipsa loquitur.
*109 To be entitled to an instruction on the application of the rule of res ipsa loquitur, plaintiff's proof must show that the circumstances eliminate every other conclusion save that the defendant was at fault. See McKinney Supply Co. v. Orovitz, Fla. 1957, 96 So.2d 209 and Martin v. Powell, Fla.App. 1958, 101 So.2d 610. Further, in medical malpractice actions the rule may be invoked only where a layman is able to say as a matter of common knowledge and observation that the consequences of the professional treatment were not such as ordinarily would have followed if due care had been exercised. The rule, however, may not be applied where expert medical evidence is required to show not only what was done, but how and why it occurred since the question is then outside the realm of the layman's experience. See Annot., 162 A.L.R. 1265, 1269 (1946). Last, the fact that the treatment was unsuccessful or terminated with poor or unfortunate results does not of itself raise an inference of negligence nor is it sufficient to invoke the doctrine of res ipsa loquitur. Trotter v. Hewett, Fla.App. 1964, 163 So.2d 510.
In the instant case the evidence reflects that plaintiff's necrosis was caused by impaired blood circulation in her breasts subsequent to the operation. Nevertheless, plaintiff's proof does not support the finding that this impairment to the blood circulation could not have resulted except that the defendant failed to exercise due care. Thus, an instruction with regard to res ipsa loquitur was not warranted. In the final analysis both parties presented expert testimony as to whether defendant was negligent. The jury having resolved this issue in favor of the defendant and there being competent substantial evidence to support the verdict, we will not disturb it on appeal.
Affirmed.