WALDEN, Judge.
Sheila Lee sued Hollywood Car and Truck Rental, Inc. for personal injuries suffered in an automobile fire. The trial court granted Hollywood Rental’s motion for directed verdict at the end of Ms. Lee’s case in chief because the cause of the fire was not proven. Ms. Lee appeals from the resulting judgment entered against her. We reverse and remand for a new trial.
Ms. Lee rented a car from Hollywood Rental. Seven days later, while Ms. Lee was operating the vehicle upon a public street, it suddenly caught fire, beginning in the floorboard adjacent to the gas pedal. The car became completely engulfed in flames and was totally gutted. Ms. Lee suffered second and third degree burns, this being the injury for which she sued. Ms. Lee does not know how or why the fire started and the evidence is that she did nothing to cause or contribute to the fire.
We reverse because under the facts and circumstances of this case Ms. Lee, regardless that she had been in possession of the vehicle for seven days, was entitled to avail herself of the doctrine of res ipsa loquitor. Yarbrough v. Ball U-Drive Systems, Inc., 48 So.2d 82 (Fla.1950). Such being the case there was a presumption of negligence on the part of Hollywood Rental which thereby made a directed verdict inappropriate. South Florida Hospital Corp. v. McCrea, 118 So.2d 25 (Fla.1960); Marcano v. Puhalovich, 362 So.2d 439 (Fla. 4th DCA 1978).
We reverse and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.
GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.