165 So.2d 825 (1964)
Casey Edward STANEK, Albert C. Gorski, and Roslyn M. Gorski, his wife, Appellants,
v.
Robert Lee HOUSTON and Ezell Fruit Company, a Florida corporation, Appellees.
No. 4344.
District Court of Appeal of Florida. Second District.
June 12, 1964.
Rehearing Denied July 24, 1964.
*826 B.J. Masterson of Masterson & Lloyd, St. Petersburg, for appellants.
W. Robert Mann of Knowles, Knowles & Mann, Bradenton, for appellees.
ELMORE, FRANK H., Associate Judge.
Plaintiffs in the Circuit Court for Manatee County, Florida, appeal from a directed verdict and judgment entered for the defendants at the close of the plaintiffs' case.
This is a negligence action. On February 16, 1959, the plaintiff Roslyn M. Gorski was in the kitchen of a restaurant operated by her plaintiff husband, Albert C. Gorski, and herself, cooking for their employees. She was chopping onions when she heard a great roar and the crumbling of masonry blocks. A truck and trailer owned by defendant Ezell Fruit Company and driven by its employee, defendant Robert L. Houston, had collided with the building owned by Mr. and Mrs. Gorski and with a parked Oldsmobile automobile owned by plaintiff Casey Edward Stanek. Houston had crossed the Atlantic Coastline Railroad track about 300 feet north of the impact point at about 35 miles per hour. Then, "the steering wheel felt like it done come free." He applied brakes, truck and trailer went off the road, struck the Oldsmobile, knocked it over 200 feet and crashed into the building, damaging that property. Mrs. Gorski sustained personal injuries.
Houston had no explanation of how the collision occurred. He just said the truck, *827 which he had been driving extensively, went out of control. The president of the corporate defendant, Ezell Fruit Company, disclaimed knowledge of any mechanical defect in the truck saying that he knew nothing about it. There was no other evidence as to the cause of the collision.
At the close of the plaintiffs' case, the trial judge granted the motion of the defendants to enter an order directing the jury to enter a verdict in their favor. The court said, inter alia, that the plaintiffs had presented facts that would negate the fact of negligence of any nature on the part of the defendants.
Did the trial court err in directing a verdict for the defendants? Yes.
That the doctrine of res ipsa loquitur is a potential in this case is conceded by all parties. Essentially, that doctrine is a rule of evidence, applicable when the following conditions are met: (1) the instrumentality involved was within the exclusive control of the defendant at the time of the injury, both as to operation and inspection; (2) the injury was not the result of any voluntary action or contribution on the part of the plaintiff; and (3) the accident would not have occurred had the defendant used due care. Res ipsa is sometimes said to raise a refutable presumption of negligence, but under the law of this state and of some other jurisdictions, it merely establishes a permissible inference which may be rejected by the jury. Mr. Justice Thornal in Thomason v. Miami Transit Company, Fla., 100 So.2d 620 said: "The creation of a presumption would have the effect of making a prima facie case without more. The creation of an inference merely enables the jury to draw the inference and weigh it in the balance with all of the other evidence." An inference is a deduction from facts which reason dictates, but a presumption is an arbitrary conclusion which the law directs to be made from certain facts. If, in a climate and an area where umbrellas are used only for protection against rain, not the sun, such as Florida, you look out and see someone carrying a raised umbrella, you might reasonably infer that it was raining but there would be no such presumption. If, in a jury trial, the question to be decided is whether it was raining or not that evidence should be submitted to the trier of the fact. Only when there is uncontradicted evidence that the sun was shining brightly in a cloudless sky should the court withdraw the question from the jury. The evidence in the case sub judice was not of such conclusive nature.
The application of the res ipsa doctrine is not necessarily removed where an explanation is obtained by calling defendants as adverse parties under the rule. This is particularly true when, as here, the evidence of the facts and circumstances of the occurrence given by the defendants (albeit as adverse witnesses) fails to explain satisfactorily what occurred at the time of the collision.
The defendants urge the driver's previous experience in driving the truck. But neither the driver nor the owner gave any evidence that proper care was exercised to avoid or prevent such an occurrence. There was no evidence of inspection at any time before the collision. The owner shrugged off any knowledge of the truck or its condition both before and after the accident.
No conflicting inferences arising, the doctrinal inference remained, awaiting the possibility of being dissipated only if the jury after hearing all of the evidence should have by accepting the explanation, if any, exonerate the defendants. But in directing a verdict for the defendants the trial judge relieved them of their duty to explain.
Unless the evidence as a whole with all reasonable inferences points to but one possible conclusion, the trial court is not warranted in withholding a case from the jury. Black v. Heininger, Fla.App. 1964, 163 So.2d 3. The plaintiffs met the three conditions for the applicability of the res ipsa doctrine. There was then cast upon *828 the defendants, without shifting the burden of proof from the plaintiffs, the burden of going forward with the evidence to attempt to show that in fact they were in no manner responsible for the consequences of the accident. One disputed question of fact alone should have warranted the submission of this case to the jury under proper instructions: Did the defendants exercise ordinary care in inspecting the truck before the accident?
We do not hold that the defendants were guilty of negligence as a matter of law. We do hold that the question was for determination by the jury after hearing the evidence, if any, of the defendant in explanation.
The cause is reversed and remanded.
SMITH, C.J., and ANDREWS, J., concur.