PER CURIAM.
Appellants bring this appeal from a declaratory decree which instructs them, as executors of the estate of Eston N. Crowder, Jr., to pay out of the assets of the estate a certain claim of the first Federal Savings & Loan Association of Tampa. The suit for declaratory relief was initiated by appellee, the decedent’s widow.
The claim in question is a debt evidenced by a promissory note for $20,000.00 signed by the decedent and appellee and given in exchange for a loan of that amount. The note is secured by a first mortgage on certain realty which was purchased with the loan proceeds and which was owned solely by the decedent at the time of his death on June 28, 1963. Because the property was homestead, it passed to the decedent’s four minor children with a life estate in appellee. At the decedent’s death there was due on the note a principal balance of $18,394.61, and on July 23, 1963, First Federal filed its claim therefor against the estate as required by Florida Statutes, Section 733.16(1) (1965), F.S.A. Appellants continued the monthly payments on the note, and at no time was the note or mortgage in default.
On August 1, 1966, appellants ceased making payments on the note, and appellee sub *297 sequently filed her complaint. Appellants answered and alleged that since First Federal had not brought suit for the enforcement of its claim, such claim was barred by the three-year limitation set out in Florida Statutes, Section 733.211(1) (1965), F.S.A. Upon motions by both sides for summary decree, the court held that Section 733.211(1) was inapplicable to the claim in question and entered the decree here appealed.
The limitation set out in Section 733.211 (1) applies to a claim which “has not been paid, settled or otherwise disposed of.” When appellants continued the monthly payments on the note, the claim based thereon no longer fell within the scope of the above-quoted language. The court was eminently correct in holding that Section 733.211(1) was inapplicable. Accordingly, the decree is affirmed.
Affirmed.
LILES, C. J., and ALLEN and HOB-SON, JJ., concur.