HOBSON, Judge.
The appellant-plaintiff appeals a final judgment entered against her on a jury verdict returned in favor of the appellee-defendant.
The sole point on appeal is whether or not the trial court committed reversible error in denying the appellant’s requested instruction on the Doctrine of Res Ipsa Lo-quitur.
The instruction requested by appellant was submitted to the trial court in writing as follows:
“One of the questions for you to decide in this case is whether the injury involved occurred under the following circumstances :
“First, that it is the kind of injury which ordinarily does not occur in the absence of someone’s negligence; Second, that it was caused by an agency or instrumentality in the exclusive control of the defendant ; and
Third that the injury was not due to any voluntary action or contribution on- the part of the plaintiff. If, and only in the event that you should find all these conditions to exist, you are instructed as follows :
“From the happening of the accident involved in this case, an inference arises that a proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference is a form of evidence, and unless there is contrary evidence sufficient to meet or balance it, the jury should find in accordance with the inference.
“When there is any evidence to the contrary, you must weigh all of the evidence bearing upon the issue of defendant’s negligence. If the evidence tending to prove that the accident was caused by a failure of the defendant to exercise the care required of him has greater weight than the evidence to the contrary, you will find in favor of the plaintiff on that issue.
“In order to meet or balance the inference of negligence, the defendant must present evidence to show either (1) a satisfactory explanation of the accident, that is, a definite cause for the accident, in which there is no negligence on the part of the defendant, or (2) such care on the defendant’s part as leads to the conclusion that the accident did not happen because of want of care by him, blit was due to some other cause, although the exact cause may be unknown. If such evidence has at least as much convincing force as the inference and other evidence, if any, supporting the inference, then you will find against the plaintiff on that issue.”
While we do not hold that an instruction on res ipsa loquitur should have been given *657 In the instant case, we agree with the trial judge that appellant’s requested instruction does not properly state the doctrine.
In Yarbrough v. Ball U-Drive System, Fla.1950, 48 So.2d 82, res ipsa loquitur was defined as follows:
“As we all know, the doctrine of res ipsa loquitur is merely a rule of evidence. Under it an inference may arise in aid of the proof. Establishment of the facts that the instrument causing the injury was in the sole control of the defendant, - that the occurrence would not have happened in the ordinary course of events had there been proper care on the defendant’s part provides evidence that the injury sprang from the defendant’s negligence.”
Res ipsa loquitur in Florida has long been held to merely establish a permissible inference which may be rejected by the jury and not to raise a refutable presumption of negligence.[1]
In Greyhound Corporation v. Ford, Fla. App.1963, 157 So.2d 427, at p. 430, this court cited with approval the statement of the Supreme Court of Florida explaining the application of res ipsa loquitur contained in Orme v. Burr, 1946, 157 Fla. 378, 25 So.2d 870, at page 873:
“The case of Sweeney v. Erving, 228 U. S. 233, 33 S.Ct. 416, 418, 57 L.Ed. 815, Ann.Cas.1914D, 905, has caused a great deal of comment by courts and law writers, both for and against the position taken by Mr. Justice Pitney in that case. It was therein held that the doctrine of res ipsa loquitur does not have the effect, when applied, of shifting the burden of proof so as to make it necessary for the defendant to overcome the presumption of negligence by a preponderance of evidence that there was an absence of negligence on his part. In the opinion, it is said:
“ ‘In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res Ipsa Loquitur, where it applies, does not convert the defendant’s general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff.’ ” (emphasis supplied)
A careful reading of the instruction requested by the appellant reveals that it requires an explanation on the part of the appellee. In addition, if the appellee’s explanation of the occurrence does not meet or balance the inference, the jury would be required to find for the appellant on the issue of appellee’s negligence. This is not the law in Florida.
In passing we note that Florida standard jury instruction 4.6 on the res ipsa loquitur doctrine falls far short of including the many requirements contained in the appellant’s requested instruction.
For the foregoing reasons the final judgment is affirmed.
ALLEN, Acting C. J., and MANN, J., concur.

. Stanek v. Houston, Fla.App.1964, 165 So.2d 825.