PER CURIAM.
The plaintiff in the trial court sued Jackson’s Byrons Enterprises, Inc. as the store owner and Otis Elevator Company as the operator of an escalator on which she was injured. At the conclusion of plaintiff’s case, the trial court directed a verdict for each defendant. Final judgment was entered and this appeal follows.
The point presented on appeal urges that the trial court erred in granting defendants’ motions for directed verdict because plaintiff was entitled to go to the jury upon the application of the doctrine of res ipsa loquitur. It is urged that the basic question this court must determine is whether or not the doctrine is applicable to cases involving injuries upon an escalator. Because of failures in the proof offered at trial by the plaintiff, we do not reach that question.
Plaintiff’s case at trial consisted of the testimony of the plaintiff as to her in *29 jury on an escalator in a Jackson’s Byrons Enterprises, Inc. department store, together with medical and other evidence as to the extent of her damages. There is no evidence that the appellee, Otis Elevator Company, was in any way connected with the injury. Therefore, the directed verdict was proper as to the defendant Otis Elevator Company and the judgment thereon must be affirmed.
The doctrine of res ipsa loquitur is not a rule of law but is a rule of evidence whereby the burden of going forward with the evidence is shifted to a defendant upon the proof by the plaintiff of certain facts regarding the instrumentality causing plaintiff’s injury. These predicates for the invocation of the rule as set forth and discussed in American Dist. Electric P. Co. v. Seaboard Air L. Ry. Co., 129 Fla. 518, 177 So. 294 (Fla. 1937); Stanek v. Houston, Fla.App. 1964, 165 So.2d 825 are:
“Essentially, that doctrine is a rule of evidence, applicable when the following conditions are met: (1) the instrumentality involved was within the exclusive control of the defendant at the time of the injury, both as to operation and inspection; (2) the injury was not the result of any voluntary action or contribution on the part of the plaintiff; and
(3) the accident would not have occurred had the defendant used due care.” Stanek v. Houston, supra.
Plaintiff’s proofs in the present case are completely devoid of any evidence that the escalator was in the exclusive control of Jackson’s Byrons Enterprises, Inc. Although there is no evidence in the record, the complaint alleges such control to have been on the defendant Otis Elevator Company. With this deficiency in the proof, the trial court properly rejected the application of the doctrine of res ipsa loquitur to the facts presented by plaintiff and correctly directed the verdict for the appellee Jackson’s Byrons Enterprises, Inc.
Affirmed.