281 So.2d 224 (1973)
George W. PAPE, Appellant,
v.
Robert T. DePEW and Main Insurance Company, Appellees.
No. Q-203.
District Court of Appeal of Florida, First District.
July 3, 1973.
Rehearing Denied August 31, 1973.
*225 Lefferts L. Mabie, Jr., of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellant.
Joe J. Harrell of Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for appellees.
PER CURIAM.
Appellant was injured while a patron of an amusement device known as the "Giant Slide" which was owned and operated by appellee DePew. A negligence action was brought by appellant, the jury returned a verdict in favor of appellees and final judgment was entered in behalf of appellee DePew and his insurance carrier.
Appellant now seeks reversal of said judgment. It is contended that the trial court erred in denying appellant's request to instruct the jury on the doctrine of res ipsa loquitur because appellant was injured while riding a device exclusively controlled and maintained by appellee and the occurrence was such that, in the ordinary course of events, would not have happened had the appellee used due care. However, there is a third condition necessary to be shown before a plaintiff may rely upon the doctrine of res ipsa loquitur and that condition is that the injury was not the result of any voluntary action or contribution on the part of the plaintiff. Here, the record demonstrates ample evidence of contributory negligence on the part of appellant in his use of the slide. Nevertheless, appellant points to the case of Holman v. Ford Motor Company, 239 So.2d 40 (Fla.App. 1st, 1970), in support of his position that a conflict with the testimony which establishes the basis for res ipsa would not render the doctrine inapplicable.
Appellant's reasoning in this regard is faulty for the reason that there was not in this case a mere conflict in the testimony regarding the element of contribution on appellant's part. Rather, there was a complete failure of the evidence to show lack of fault on appellant's behalf which would bring the doctrine of res ipsa loquitur into play. On the contrary, there was sufficient evidence to show that the appellant had been drinking, that he disregarded certain warning signs on the premises and that he disregarded the specific instructions given by an employee. Hence, appellant did not demonstrate the requisite lack of fault necessary to warrant an instruction on res ipsa loquitur.
We have considered appellant's remaining points on appeal and deem them to be without merit.
Appellant having failed to demonstrate reversible error in the proceedings below, the judgment appealed herein is affirmed.
RAWLS, C.J., and SPECTOR and JOHNSON, JJ., concur.