296 So.2d 71 (1974)
Billy Joe BROOKS, a Minor, by and through His Mother and Next Friend, Callie Mae Oxendine and Callie Mae Oxendine, Individually, Appellants,
v.
Jay R. PLANT and Auto-Owners Insurance Company, a Corporation, Appellees.
No. 72-152.
District Court of Appeal of Florida, Second District.
May 31, 1974.
*72 Thomas A. Capelle, of Hardee, Hamilton, Douglas & Sierra, Tampa, for appellants.
Sidney G. Philpot, Jr., of Troiano, Roberts & Philpot, Lakeland, for appellees.
MANN, Chief Judge.
Billy Joe Brooks sued Plant, charging negligent operation of a pick-up truck, resulting in the fall of appellant from the rear of the truck and causing serious head injuries. As a result of the accident, Billy can recall nothing of the accident itself or the events immediately preceding it. Unfortunately, there appear to be no other eye-witnesses.
Finding no direct evidence of defendant's negligence, the trial court granted defendant summary judgment. The court felt that the proffered circumstantial evidence could establish defendant's liability only if inference were impermissibly piled upon inference.[1]
Brooks contends on this appeal that (1) the doctrine of res ipsa loquitur should have been applied and (2) that sufficient evidence of negligence existed to avoid summary judgment.
Brooks helped Plant move furniture to his new residence and was to be paid $1.25 per hour. To make the mile-and-one-half move, Plant borrowed a 1956 half-ton pick-up truck. He and Brooks, a 15-year-old, loaded the truck for the first trip, and plaintiff rode in the cab to their destination. In returning, they met a friend of Plant's who also had a truck. Both trucks were loaded and on each of the four subsequent trips except the last, Brooks rode in the cab.
During the final trip, plaintiff rode in the back of the truck to steady the load. Plant's wife had checked and seen that Brooks was sitting on top of the loaded items. Approaching the final turn, defendant downshifted at what were "rough spots" in the road. As he pulled up to the house, some one informed him that Brooks had fallen from the truck. Plant and his friend, whose truck had preceded him, *73 went back and attended Brooks until an ambulance arrived. He was unconscious for nine days. The record makes it clear that no one actually saw the fall itself, or its cause.
In attempting to demonstrate defendant's negligent driving, plaintiff tried to establish that defendant had been "racing" against his friend's truck and that he had been imbibing alcoholic beverages. The testimony that defendant was racing comes from Billy himself. Necessarily his memory is restricted to happenings on the earlier trips, in which he was riding in the cab. Moreover, his deposition is unclear as to whether the trucks were racing as to speed along the same route, or merely seeing which of two routes was the more expedient. Clearly, the circumstantial evidence only weakly implies that defendant had been racing on the final trip. In contradiction, defendant's testimony stated he was only traveling about 15 miles per hour at the supposed time of the accident.
The evidence of intoxication is even more indirect. Billy testified that on the earlier trips both the defendant and his friend had been drinking both beer and whiskey. Billy's testimony was corroborated by his mother, who in the emergency room after the accident, had smelled alcohol on defendant's breath. These allegations were flatly denied by the defendant who says that, because of stomach difficulties arising from a wartime injury, he very rarely drinks any alcoholic beverages. Nonetheless, he did admit to recently drinking one beer on an "exceptional occasion" when he was visited by an old friend.
The question for consideration is whether sufficient evidence of negligence exists for the case to go to a jury. Plaintiff first relies on the application of the evidentiary rule of res ipsa loquitur. Through its application he asserts that even without direct evidence an inference is raised that defendant's negligence caused plaintiff's injuries. Such an inference would allow, but not require, a jury to find for the plaintiff.[2]
However, we consider the rule inapplicable to this case. Florida courts have established three requirements for the application of res ipsa loquitur: (1) the instrumentality involved was within the exclusive control of the defendant at the time of the injury, both as to operation and inspection; (2) the injury was not the result of any voluntary action or contribution on the part of the plaintiff; and (3) the accident would not have occurred had the defendant used due care.[3] The doctrine's application has frequently hinged on the particular facts of a case rather than any rigid set of requirements. Clearly though, the circumstantial evidence proffered must show that injury would not likely have occurred in the absence of some negligence, and that defendant's negligence rather than the actions of plaintiff or a third party is the more reasonably inferable cause.[4] This does not place the impossible burden upon the plaintiff of completely eliminating all possible causes, but certainly some evidence must be presented which tends to exculpate the *74 plaintiff.[5] Nor does this shift the burden of proving absence of contributory negligence to the plaintiff, as appellants here contend. Contributory negligence was a defense available once the defendant's negligence has been shown.[6] In an unexplained accident where the plaintiff's own negligent conduct could reasonably have caused the injury, even in the absence of defendant's negligence, plaintiff must first introduce at least some evidence negating his involvement before an inference of defendant's negligence can reasonably arise.
Since no such evidence was introduced and since because of plaintiff's injury, it is not capable of being introduced, res ipsa loquitur may not be invoked to avoid a summary judgment.
Even absent the application of res ipsa loquitur, however, we believe sufficient evidence exists for the plaintiff to avoid summary judgment. There is direct evidence that Plant had been drinking. If this deprived him of "full possession of his normal faculties,"[7] it would amount to a breach of statutory duty, evidencing negligence.[8] Moreover, sufficient circumstantial evidence exists to allow a jury to infer that this negligence proximately caused Brooks injury.[9] The evidence indicates that Brooks fell at approximately the same time that defendant downshifted at rough spots on the road and that Plant had been "racing" on earlier trips. While far from conclusive, the proof offered by plaintiff is sufficient to permit a jury inference that had Plant not been driving with impaired faculties, Brooks would not have been thrown from his precarious position. Thus, we conclude that genuine issues of material fact exist.
Reversed.
HOBSON and McNULTY, JJ., concur.
NOTES
[1] Bard, Inc. v. Mason, Fla.App.2d 1971, 247 So.2d 471.
[2] American Electric Co. v. Seaboard Airline Railway, 1937, 129 Fla. 518, 177 So. 294; Anderson v. Sarasota County Public Hospital Board, Fla.App.2d 1968, 214 So.2d 655; Frank v. Lurie, Fla.App.2d 1963, 157 So.2d 431.
[3] Holman v. Ford Motor Co., Fla.App.1st 1970, 239 So.2d 40; Stanek v. Houston, Fla. App.2d 1964, 165 So.2d 825. See, ALI, Restatement of the Law of Torts, 2d § 328 D (1964); Prosser, The Law of Torts, 199 (2d Ed. 1955).
[4] See, Schott v. Pancoast Properties, Fla. 1952, 57 So.2d 431; Pape v. DePew, Fla.App. 1st 1973, 281 So.2d 224; Martin v. Powell, Fla.App.2d 1958, 101 So.2d 610; Wagner v. Associated Shower Co., Fla.App.3d 1957, 99 So.2d 619; See, also, Prosser, supra, at 208-09; Restatement, supra, § 328 D, Comments F-I; Harper and James, The Law of Torts, § 19.8 (1956).
[5] Pape v. DePew, Fla.App.1st 1973, 281 So.2d 224.
[6] These proceedings antedated Hoffman v. Jones, Fla. 1973, 280 So.2d 431.
[7] Fla. Stat. § 860.01, F.S.A., (1971); Fla. Stat. § 316.028, F.S.A., (1971).
[8] See, Seaboard Coastline R.R. Co. v. DeJesus, Fla.App.2d 1972, 266 So.2d 108, rev'd on other grounds, 281 So.2d 198. Cf. Roddenberry v. State, 1942, 152 Fla. 197, 11 So.2d 582.
[9] Tucker Brothers, Inc. v. Menard, Fla. 1956, 90 So.2d 908.