323 So.2d 45 (1975)
CORTEZ ROOFING, INC., a Florida Corporation, and Cotton States Insurance Company, Appellants,
v.
Joanna T. BAROLO and Louis J. Barolo, Her Husband, Appellees.
No. 75-118.
District Court of Appeal of Florida, Second District.
December 3, 1975.
*46 Joseph R. Kalish, Lawrence & Gordon, P.A., Tampa, for appellants.
Clyde C. Goebel, Grimes, Goebel, Parry, Blue & Boylston, Bradenton, for appellees.
GRIMES, Judge.
Cortez appeals a judgment entered against it upon a jury verdict in favor of Mr. and Mrs. Barolo in the sum of $25,000 each.
Mrs. Barolo was shopping for carpeting at the Cortez warehouse. The carpet had been rolled on steel pipes which had been placed on racks. While Mrs. Barolo was being shown the carpet, one of the rolls fell off a rack. The steel pipe in the roll struck Mrs. Barolo on the top of her head. The only witnesses to the accident were Mrs. Barolo and a Mr. Clark, who is the president of Cortez. Mrs. Barolo brought suit for the injuries which resulted, and her husband sued to recover for the medical expenses and loss of services and consortium.
The main argument on liability is directed to the applicability of the doctrine of res ipsa loquitur. In Brooks v. Plant, Fla. App.2d 1974, 296 So.2d 71, this court recently said:
"... Florida courts have established three requirements for the application of res ipsa loquitur: (1) the instrumentality involved was within the exclusive control of the defendant at the time of the injury, both as to operation and inspection; (2) the injury was not the result of any voluntary action or contribution on the part of the plaintiff; and (3) the accident would not have occurred had the defendant used due care... ."
Were these requirements fulfilled in the instant case?

Exclusive Control
The warehouse doubled as a display room for Cortez. Mr. Clark said that customers did not go into the warehouse to look at the carpet unless a Cortez employee went with them. He acknowledged that it had to have been him or one of his employees who placed the carpets on the racks.

No Contribution By Plaintiff
The pipe came off the rack and struck Mrs. Barolo on the top of the head. She stated that she did not touch the rack or the carpet before she was struck. Mr. Clark said that he did not see Mrs. Barolo touch anything before the carpet fell off the rack.

Accident Would Not Have Occurred If Defendant Had Used Due Care
A roll of carpet placed on a rack would not normally fall out of the rack if the rack was properly made and the roll was properly placed on the rack. There was no evidence of a collapse of the rack. The circumstances strongly suggest that the roll was not properly placed on the rack. In any event, it is most unlikely that the accident could have occurred except for the negligence of Cortez.
Since all of the prerequisites were met, the court properly determined to instruct the jury on the doctrine of res ipsa loquitur. Therefore, it was not error to deny Cortez' motion for directed verdict even though there was no evidence of specific acts of negligence. Anderson v. Sarasota County Public Hospital Board, Fla.App.2d *47 1968, 214 So.2d 655. The charge given was taken from Florida Standard Jury Instruction 4.6, and no suggestion is made that the doctrine was misstated.
Inferentially, Cortez makes the contention that the Barolos could not rely on res ipsa loquitur because their complaint alleged only specific acts of negligence. There is a split of authority on this point around the country. Annot., 2 A.L.R.3d 1335 (1965). The Florida position is equivocal. See American Dist. Electric P. Co. v. Seaboard Air L. Ry. Co., 1937, 129 Fla. 518, 177 So. 294. Be that as it may, we need not reach the point because, even though the complaint purports to set forth certain particulars with respect to how Cortez was negligent, at least some of these allegations are sufficiently broad as to be construed as generally alleging the Cortez had carelessly allowed a dangerous condition to exist. There is no doubt that res ipsa loguitur is available on general allegations of negligence. American Dist. Electric P. Co. v. Seaboard Air L. Ry. Co., supra. The fact that specific allegations of negligence are also made could not, in itself, preclude the application of res ipsa loquitur since Florida follows the rule that, in a proper case, proof of specific acts of negligence does not forestall a plaintiff from relying on the doctrine. South Florida Hospital Corporation v. McCrea, Fla. 1960, 118 So.2d 25.
Cortez also complains that the verdicts were excessive. From our vantage point, the verdict for Mr. Barolo does seem high. However, the trial court declined to enter of remittitur, and on this record we cannot say, as a matter of law, that error was committed.
The remaining points on appeal are without merit.
Affirmed.
HOBSON, Acting C.J., and SCHEB, J., concur.