360 So.2d 114 (1978)
Alice H. BEACH, Appellant,
v.
HALIFAX HOSPITAL DISTRICT, Etc., et al., Appellees.
No. EE-139.
District Court of Appeal of Florida, First District.
June 8, 1978.
Rehearing Denied July 26, 1978.
S. LaRue Williams, of Kinsey, Vincent, Pyle & Williams, Daytona Beach, for appellant.
Alfred A. Green, Jr., of Green, Strasser & Hammond, Daytona Beach, for appellees.
PER CURIAM.
Having considered the record, briefs and arguments, we determine that under the particular facts of this case, the refusal to give an instruction on res ipsa loquitur was appropriate. Goodyear Tire and Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339, Case No. 50-411 (Fla., 1978).
AFFIRMED.
ERVIN, Acting C.J., and MELVIN, J., concur.
NIMMONS, RALPH W., Jr., Associate Judge, specially concurring.
NIMMONS, RALPH W., Jr., Associate Judge, specially concurring.
I concur with the majority's ground for affirmance of the lower court judgment. However, in my opinion, there are additional equally significant reasons why the judgment should be affirmed.
*115 Appellant, plaintiff below, appeals from a jury verdict in her favor, claiming that the trial judge erred in refusing to instruct on the doctrine of res ipsa loquitur. The jury found appellee, defendant below, guilty of negligence and assessed damages in a sum certain. The jury further found that plaintiff was guilty of negligence which caused or contributed to her injuries. The verdict showed the apportionment of negligence to be 90% attributable to plaintiff and 10% attributable to defendant.
The elements of res ipsa loquitur, as stated by this Court in Holman v. Ford Motor Company, 239 So.2d 40, 44 (Fla. 1st DCA 1970), are as follows:
"(1) the instrumentality involved was within the exclusive control of the defendant at the time of the injury, both as to operation and inspection; (2) the injury was not the result of any voluntary action or contribution on the part of the plaintiff; and (3) the accident would not have occurred had the defendant used due care."
Such elements have been stated identically in Pape v. DePew, 281 So.2d 224, 225 (Fla. 1st DCA 1973) and Stanek v. Houston, 165 So.2d 825, 927 (Fla. 2nd DCA 1964).
It is apparent from the record in this case that there was testimony from which the jury could properly find negligence on the part of plaintiff and that such negligence contributed to the accident and resultant injuries. Moreover, the dispositive factor, in my opinion, is that the jury specifically found that plaintiff was, in fact, guilty of negligence which caused or contributed to her injuries. Implicit in the jury's verdict that plaintiff's actions contributed to her injuries is a finding that the second element of the doctrine of res ipsa loquitur was not established by the evidence. If there had been an instruction on the doctrine of res ipsa loquitur, the jury, given its finding that plaintiff contributed to her own injuries, could not have properly found the second essential element of res ipsa loquitur to have been established. Therefore, even if we were to hold that the trial court erred in failing to instruct the jury on the doctrine of res ipsa loquitur, such error would have to be regarded as harmless.[1]
I am also of the view that since the jury returned a verdict of negligence against defendant, the question of whether the trial court erred in refusing to instruct on res ipsa loquitur was thereby rendered moot. Res ipsa loquitur is a doctrine of "extremely limited applicability". Goodyear Tire and Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339, Case No. 50-411 (Fla. 1978). Its only purpose is to furnish an injured plaintiff with an inference of negligence where direct proof of negligence is wanting. If the jury had returned a verdict of no negligence on the part of defendant, plaintiff would then be able to properly assert that the unavailability to the jury of the inference of negligence afforded by the doctrine was prejudicial to plaintiff, and, if the essential elements of the doctrine had been established, then the failure to so instruct the jury would be reversible error. However, since the jury found defendant guilty of negligence without the benefit of the inference afforded by the doctrine, the failure to so instruct, even if the elements of the doctrine were present, must be regarded as harmless error.
Finally, plaintiff's argument that the jury might have reached a different percentage apportionment of negligence if the court had instructed on res ipsa loquitur is also without merit. The purpose of the doctrine is as mentioned above. It has nothing to do with apportioning the negligence between the parties.
NOTES
[1] Section 59.041, Florida Statutes, provides, in pertinent part:

"No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause... on the ground of misdirection of the jury ... unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed."